UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANN PEARLINA BROWN, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIWANOY COUNTRY CLUB, INC.,<br><br>Defendant. | ECF CASE<br><br>No.:<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Ann Pearlina Brown, on behalf of herself and all others similarly situated, hereby alleges through her attorneys, Lipsky Lowe LLP, as against Defendant Siwanoy Country Club, Inc. as follows:

NATURE OF THE ACTION

1.      Siwanoy Country Club is a private golf club.

2.      Plaintiff Brown worked for Siwanoy Country Club as a Golf Caddy.

3.      Plaintiff Brown asserts, on her behalf and other similarly situated individuals, that Siwanoy Country Club willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, (iii) failing to pay the spread-of-hours pay; (iv) failing to provide the N.Y. Lab. Law § 195.1 notice; and (v) failing to provide the N.Y. Lab. Law § 195.3 wage statements.

4.      Plaintiff Brown asserts, on her behalf and other similarly situated individuals, that Siwanoy Country Club willfully violated the Fair Labor Standards Act by (i) failing to pay the minimum wage and (ii) failing to pay overtime premium pay.

## JURISDICTION & VENUE

5.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 1337 and 1343, supplemental jurisdiction over the Labor Law claims under 28 U.S.C. § 1367, and jurisdiction over the FLSA claims under 29 U.S.C. § 216(b).

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

7.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8.      Plaintiff Brown was and is, at all relevant times, an adult individual residing in Bronx, New York.

9.      Siwanoy Country Club is, upon information and belief, a domestic not-for-profit corporation that is organized under New York law and is authorized to do business in the State of New York. Its principal place of business is at 351 Pondfield Road, Bronxville, New York 10708.

10.     Siwanoy Country Club, at all relevant times, employed Plaintiff Brown and the Class and Collective Action Members (as defined below).

11.     Upon information and belief, Siwanoy Country Club is an enterprise engaged in commerce or in the production of goods for commerce. Siwanoy Country Club is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and services include glassware, golf clubs, computers and golf shirts.

## STATEMENT OF FACTS

Background[1]

12.    Siwanoy Country Club is a private golf club in Bronxville, New York.

13.    Siwanoy Country Club is a private club that requires a one-time initiation fee and annual dues.

14.    Siwanoy Country Club has about 300 members.

15.    Siwanoy Country Club employs Golf Caddies during the golf season: May to October.

16.    Siwanoy Country Club employs approximately 30 Golf Caddies at any one time.

17.    Siwanoy Country Club, at all relevant times, employs an individual in the "Caddy Master" position.

18.    Siwanoy Country Club's Caddy Master has numerous responsibilities concerning the Club's Golf Caddies, including pairing them with a golfer, supervising them, hiring and firing them, interviewing them, scheduling them, determining whether they will work on a particular day, disciplining them, setting the time of day by when they must report to the Club, telling them when they are done working for the day, and discussing with Golf Caddies when a member complains about them.

19.    The Caddy Master pairs Golf Caddies with golfers by walking around and telling the Caddies who they will be caddying for.

20.    The Caddy Master has fired Golf Caddies for various reasons.

---

[1] The headers are only for organizational purposes.

21.    Siwanoy Country Club requires its Golf Caddies to wear the same uniform: colored shirt, khaki pants and a green bib with the Club's insignia. The Club provides the bib.

22.    The Golf Caddy's work is squarely within, intertwined with and integral with the usual course of business and services that Siwanoy Country Club offers: golf.

23.    Golf Caddies are an intricate part of the experience of playing a round of golf at Siwanoy Country Club, with most golfers using caddies.

24.    Siwanoy Country Club's Golf Caddies often work exclusively at the Club, working there season after season.

25.    Golf Caddies must be on Siwanoy Country Club property for the Caddy Master to pair them with a golfer.

26.    Majority of golfers do not know what Golf Caddy will be assigned to them until the Caddy Master assigns them.

27.    If a Golf Caddy cannot, for whatever reason, do the loop after being assigned to a golfer, it is the Caddy Master, not the Golf Caddy, who finds a replacement.

28.    Siwanoy Country Club has a caddy appreciation day when the Club allows the Golf Caddies to play a round of golf and the Club provides them a meal.

Duties

29.    Golf Caddies' duties involve carrying the golf bag for one or two golfers (doing a "loop").

30.    In addition to carrying the golfers' golf bags, Golf Caddies are required to find, identify and retrieve golfers' golf balls, clean the golfers' clubs and balls, correct divots on the golf course, rake sand traps after use, remove the flag from the hole on the

putting green, and provide the golfers, when asked, with suggestions on what club to use and information on the course.

31.    Golf Caddies will also be organize the golf carts in one central location.

32.    The Golf Caddies perform all of their duties on Siwanoy Country Club property.

Hours and Days Worked

33.    When Siwanoy Country Club's Golf Caddies arrive at the Club, they are required to check in with the Caddy Master so the Caddy Master knows they are available to be assigned to a golfer and they sign in a book.

34.    Golf Caddies typically arrive at the Club around 6:30 a.m.

35.    Golf Caddies typically stop working at the Club between 4:00 p.m. and 6:00 p.m. They will continue to work later if it is light enough for them.

36.    The Siwanoy Country Club's Golf Caddies typically work 6 days a week, Tuesday to Sunday, with some also working on Mondays if there is an outing at the Club (e.g., a charity or company has rented out the course).

37.    Golf Caddies typically work more hours as the weather warms up and there is more daylight.

38.    Golf Caddies typically work between 40 and 54 hours a week.

39.    A round of golf at Siwanoy Country Club is around 4 hours.

40.    Golf Caddies will, typically, caddy 1 or 2 rounds each day.

41.    The Caddy Master decides how many rounds of golf a Golf Caddy will work in any given day.

42.    Siwanoy Country Club's Golf Caddies often are waiting at the club many hours before going out on their first or second loop.

43.    The Caddy Master possesses and exercises meaningful discretion in rewarding and punishing Golf Caddies.

44.    The Caddy Master rewards Golf Caddies who regularly arrive early by quickly pairing them with a golfer in the morning and then pairing them with another golfer later in the day.

45.    Golf Caddies who take early morning loops are much more likely to be assigned an afternoon round by the Caddy Master, which results in the Caddies receiving more compensation[2].

46.    The Caddy Master often penalizes Golf Caddies who refuse loops or miss their tee time by firing them or not assigning them a loop that day.

<u>Compensation and Statutory Requirements</u>

47.    Siwanoy Country Club does not pay its Golf Caddies any hourly rate, by salary, by piece rate or any other form of compensation.

48.    When the Golf Caddies work more than 40 hours in a week, Siwanoy Country Club does not pay them overtime premium pay: 1.5 times their hourly rate.

49.    The only compensation the Golf Caddies receive comes directly from the golfers.

50.    Golf Caddies are typically assigned two golfers per loop.

---

[2] In using the term "compensation, Plaintiff Brown does not concede the money the Class and Collective Action Members and she receives from the golfers constitutes compensation or remuneration from the Club. The term is used solely for ease of reference.

51.     Golfers pay the Golf Caddies a bag fee between $60 and $80 per each golf bag they carry.

52.     Siwanoy Country Club determines the fee per golf bag.

53.     Golf Caddies have no input or ability to change the fee per bag.

54.     Golf Caddies are not permitted to negotiate the bag fee.

55.     Siwanoy Country Club's Golf Caddies keep 100% of the bag fee.

56.     Siwanoy Country Club's Golf Caddies are under no obligation to share any of the bag fees with the Club.

57.     Tipping Golf Caddies is at the golfers' discretion, with golfers tipping the Golf Caddies various amounts.

58.     Golfers rarely tip the Golf Caddies above and beyond the bag fee.

59.     The bag fee and tips are Golf Caddies' sole compensation.

60.     Siwanoy Country Club does not pay Golf Caddies for the time they spend waiting for the Caddy Master to assign them a golfer.

61.     Siwanoy Country Club does not pay Golf Caddies spread-of-hours pay: an extra hour of pay at the minimum wage when they work more than 10 hours.

62.     Siwanoy Country Club does not provide its Golf Caddies with any wage statements.

63.     Siwanoy Country Club does not provide its Golf Caddies with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1.

64.     By not providing them with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 and wage statements, the Golf Caddies did not know that Siwanoy Country Club was failing to pay them the minimum wage and

overtime, thereby depriving them of information to know whether the Club was paying them consistent with the Labor Law's minimum wage and overtime requirements. Had they known this sooner, Golf Caddies would have sooner asserted these claims.

65.     Had Siwanoy Country Club provided its Golf Caddies with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 and wage statements, they would have had enough information to determine that throughout their employment they were not being paid a minimum wage and overtime pursuant to the Labor Law.

66.     Siwanoy Country Club never notified, verbally or in writing, it considers its Golf Caddies to be tipped employees and that it was claiming a tip credit against the minimum wage.

67.     No agreement exists between Siwanoy Country Club and its Golf Caddies that the bag fees or gratuities would count towards Siwanoy Country Club's obligation to pay them a minimum wage and overtime.

68.     Siwanoy Country Club does not keep records of how much in bag fees are paid to its Golf Caddies.

69.     Siwanoy Country Club does not track which Golf Caddies are paid bag fees and tips.

70.     Siwanoy Country Club does not invoice the golfers for the bag fees.

71.     Siwanoy Country Club does not keep accurate records of the number of loops its Golf Caddies work in a day or a week.

72.     Siwanoy Country Club does not collect and distribute the bag fees to its Golf Caddies.

73.    Siwanoy Country Club takes no steps to ensure that the golfers pay its Golf Caddies either the bag fee or tips.

74.    Siwanoy Country Club does not keep records of when its Golf Caddies start and stop working on each day.

75.    Siwanoy Country Club does not, upon information and belief, include the bag fees in its gross receipts.

76.    Siwanoy Country Club does not post a poster that advises its Golf Caddies of their right to a minimum wage and overtime.

Plaintiff Brown's Hours Worked and Compensation

77.    Siwanoy Country Club employed Plaintiff Brown as a Golf Caddy for the 2020 golf season.

78.    While working as a Golf Caddy for Siwanoy Country Club, Plaintiff Brown did not work at any other club during its season.

79.    During the golf season at Siwanoy Country Club, Plaintiff Brown normally worked Tuesday to Sunday and would sometimes work on Mondays if there was a golf outing.

80.    During each golf season at Siwanoy Country Club, Plaintiff Brown normally arrived at the Club at 6:30 a.m.

81.    During each golf season at Siwanoy Country Club, Plaintiff Brown normally left at the Club at 4:00 p.m., working 9.5 hours each day.

82.    For each week during each golf season, Plaintiff Brown typically worked 57 hours (9.5 hours per day x 6 days).

83.     Siwanoy Country Club did not pay Plaintiff Brown any compensation during her employment with the Club, not an hourly rate, salary or any other form of compensation.

84.     The sole compensation Plaintiff Brown received during her employment with Siwanoy Country Club came from the golfers: the bag fees and tips.

85.     Siwanoy Country Club did not pay Plaintiff Brown the statutory minimum wage.

86.     Siwanoy Country Club did not pay Plaintiff Brown overtime premium pay.

87.     Siwanoy Country Club did not pay Plaintiff Brown spread-of-hours pay.

88.     Siwanoy Country Club did not provide Plaintiff Brown with any wage statements.

89.     Siwanoy Country Club did not provide Plaintiff Brown with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1.

90.     Plaintiff Brown is subject to the same policies, procedures, control and oversight that other Siwanoy Country Club Golf Caddies were subjected to.

91.     Plaintiff Brown knows from personal conversations and observations that she performed the same duties as other Golf Caddies, worked approximately the same hours, was compensated the same way and was subject to the same policies and procedures as them.

CLASS ACTION ALLEGATIONS

92.     Plaintiff Brown asserts these allegations and claims on her own and on behalf of a class of persons under Fed. R. Civ P. 23:

> All persons who work or have worked as Golf Caddies at Siwanoy Country Club at any time between July 24, 2017 and the entry of judgment in this case (the "Class Members").

93.     The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Siwanoy Country Club's sole control, upon information and belief, more than 100 Class Members exist.

94.     Plaintiff Brown's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

95.     Siwanoy Country Club has acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

96.     Plaintiff Brown is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

97.     Plaintiff Brown has the same interests in this matter as all other Class Members and his claims are typical of Class Members'.

98.    Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

a.    Whether Siwanoy Country Club employed the Class Members within the meaning of the Labor Law;

b.    Whether Siwanoy Country Club misclassified the Class Members as independent contractors;

c.    Whether Siwanoy Country Club failed or refused to pay the Class Members the statutory minimum wage;

d.    Whether Siwanoy Country Club failed or refused to pay the Class Members overtime premium pay for all hours worked in excess of 40 hours per workweek;

e.    Whether Siwanoy Country Club failed or refused to pay the Class Members spread-of-hours pay;

f.    Whether Siwanoy Country Club failed or refused to provide the Class Members the N.Y. Lab. Law § 195.1 Notice;

g.    Whether Siwanoy Country Club failed or refused to provide the Class Members the N.Y. Lab. Law § 195.3 Wage Statements;

h.    Whether Siwanoy Country Club willfully or recklessly violated the Labor Law;

i.    Whether Siwanoy Country Club is liable for all damages claimed hereunder, including interest, costs and disbursements and attorneys' fees; and

j.    Whether Siwanoy Country Club should be enjoined from such violations of the Labor Law in the future.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

99.     Under 29 U.S.C. § 206, Plaintiff Brown seeks to assert these allegations and claims as a collective action on behalf of a defined group:

> All persons who work or have worked as Golf Caddies at Siwanoy Country Club at any time between July 24, 2020 and the entry of judgment in this case (the "Collective Action Members").

100.     Plaintiff Brown and the Collective Action Members are similarly situated on several legal and factual issues, including:

a.     Siwanoy Country Club employed the Collective Action Members within the meaning of the FLSA;

b.     Collective Action Members performed similar duties;

c.     Siwanoy Country Club failed to keep true and accurate time records for all hours Plaintiff Brown and the Collective Action Members worked;

d.     Siwanoy Country Club willfully or recklessly violated the FLSA;

e.     Siwanoy Country Club should be enjoined from such violations of the FLSA in the future; and

f.     The statute of limitations should be estopped or equitably tolled due to Siwanoy Country Club's statutory violations.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY THE OVERTIME PREMIUM PAY
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Brown and the Class Action Members)

101.    Plaintiff Brown, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

102.    Siwanoy Country Club is an "employer" within the meaning of Labor Law §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Brown and the Class Members.

103.    Plaintiff Brown and the Class Members are "employees" within the meaning of the Labor Law.

104.    Siwanoy Country Club misclassified the Golf Caddies as independent contractors when they should have been classified as employees.

105.    Siwanoy Country Club has more than 11 employees.

106.    Neither the bag fees nor tips count towards Siwanoy Country Club's statutory obligation to pay its Golf Caddies overtime premium pay.

107.    Under the Labor Law and supporting New York Statement Department of Labor Regulations, Siwanoy Country Club is required to pay Plaintiff Brown and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40.

108.    Siwanoy Country Club failed to pay Plaintiff Brown and the Class Members overtime premium pay for any hour they worked above 40 in a week, violating the Labor Law. N.Y. Lab. Law § 650.

109.    Siwanoy Country Club willfully violated Plaintiff Brown and the Class Members' rights by failing to pay them overtime compensation at rates not less than 1.5

times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, violating the New York Labor Law and its regulations.

110.    Siwanoy Country Club failed to pay the Class Members the overtime wages to which they were entitled, violating the Labor Law.

111.    Assuming *arguendo* the bag fees do count towards its overtime obligations, Siwanoy Country Club would be required to pay its Golf Caddies 1.5 times the Caddies' effective hourly rate as overtime premium pay. Siwanoy Country Club did not, however, pay the Golf Caddies any overtime premium pay when they worked above 40 hours.

112.    Siwanoy Country Club willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members overtime wages.

113.    Pursuant to the Labor Law, Plaintiff Brown and the Class Members are entitled to recover from Siwanoy Country Club their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Brown and the Class Action Members)

114.    Plaintiff Brown, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

115.    Under the Labor Law, Siwanoy Country Club was and is required to pay Plaintiff Brown and the Class Members the statutory minimum wage. N.Y. Lab. Law § 652.

116.    Neither the bag fees nor tips count towards Siwanoy Country Club's statutory obligation to pay its Golf Caddies minimum wage.

117.    Siwanoy Country Club failed to pay Plaintiff Brown and the Class Members the minimum wage, violating the Labor Law.

118.    Siwanoy Country Club willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Brown and Class Members the minimum wage.

119.    Pursuant to the Labor Law, Plaintiff Brown and the Class Members are entitled to recover from Siwanoy Country Club their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

<u>THIRD CAUSE OF ACTION</u><br>FAILURE TO PAY SPREAD-OF-HOURS PAY<br>UNDER THE NEW YORK LABOR LAW<br>(On Behalf of Plaintiff Brown and the Class Action Members)

120.    Plaintiff Brown, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

121.    Siwanoy Country Club willfully failed to pay Plaintiff Brown and the Class Members one additional hour at the minimum wage rate for each day they worked ten or more hours, violating 12 N.Y.C.R.R. § 146.-1.6.

122.    Due to Siwanoy Country Club's Labor Law violations, Plaintiff Brown and the Class Members are entitled to recover from Siwanoy Country Club their unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.1 NOTICE
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Brown and the Class Action Members)

123.    Plaintiff Brown, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

124.    Siwanoy Country Club willfully failed to supply Plaintiff Brown and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under § 195.1(a) within 10 business days of their first employment date.

125.    Due to Siwanoy Country Club's violations of N.Y. Lab. Law § 195.1, Plaintiff Brown and the Class Members are entitled to recover from Siwanoy Country Club $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-b (2016).

## FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.3 WAGE STATEMENT
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Brown and the Class Action Members)

126.    Plaintiff Brown, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

127.    Siwanoy Country Club willfully failed to supply Plaintiff Brown and the Class Members with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

128.    Due to Siwanoy Country Club's violations of N.Y. Lab Law § 195.3, Plaintiff Brown and the Class Members are entitled to recover from Siwanoy Country Club $250.00 for each workday that the violations occurred or continue to occur, or a

total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

SIXTH CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE UNDER THE FLSA
(On Behalf of Plaintiff Brown and the Collective Action Members)

129.    Plaintiff Brown, on behalf of herself and the Collective Action Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

130.    Siwanoy Country Club has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

131.    Siwanoy Country Club employed Plaintiff Brown and the Collective Action Members within the meaning of the FLSA.

132.    Neither the bag fees nor tips count towards Siwanoy Country Club's statutory obligation to pay its Golf Caddies minimum wage.

133.    Siwanoy Country Club knowingly failed to pay Plaintiff Brown and the Collective Action Members the minimum wage.

134.    Siwanoy Country Club was required to pay Plaintiff Brown and the Collective Action Members the minimum wage rate for all hours worked.

135.    Because Siwanoy Country Club's FLSA violations were willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

136.    As a result of Siwanoy Country Club's FLSA violations, Plaintiff Brown and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled

to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensations under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

SEVENTH CAUSE OF ACTION
FAILURE TO PAY OVERTIME UNDER THE FLSA
(On Behalf of Plaintiff Brown and the Collective Action Members)

137.    Plaintiff Brown, on behalf of herself and the Collective Action Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

138.    Neither the bag fees nor tips count towards Siwanoy Country Club's statutory obligation to pay its Golf Caddies overtime premium pay.

139.    Siwanoy Country Club was required to pay Plaintiff Brown and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

140.    At all relevant times, Siwanoy Country Club had a policy and practice of refusing to pay Plaintiff Brown and the Collective Action Members the proper overtime compensation for their hours worked in excess of 40 hours per workweek.

141.    Assuming *arguendo* the bag fees do count towards its overtime obligations, Siwanoy Country Club would be required to pay its Golf Caddies 1.5 times the Caddies' effective hourly rate as overtime premium pay. Siwanoy Country Club did not, however, pay the Golf Caddies any overtime premium pay when they worked above 40 hours.

142.    Siwanoy Country Club was aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

143.    Siwanoy Country Club has not made a good faith effort to comply with the FLSA with respect to Plaintiff Brown and the Collective Action Members' compensation.

144.    Siwanoy Country Club has failed to make, keep and preserve records with respect to its employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brown respectfully requests this Court grant the following relief:

a.    Certifying this action as a class action under Fed. R. Civ. P. 23 on behalf of the Class Members and appointing Plaintiff Brown and Lipsky Lowe LLP to represent the Class Members;

b.    Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Brown and their counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.      An award for unpaid overtime premium pay under the Labor Law and the FLSA;

d.      An award for unpaid minimum wage under the Labor Law and the FLSA;

e.      An award of statutory penalties for failing to provide the N.Y. Lab. Law § 195.1 Notice;

f.      An award of statutory penalties for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

g.      An award of liquidated damages as a result of Siwanoy Country Club's Labor Law violations;

h.      Equitably tolling the statute of limitations under the FLSA;

i.      An award of pre-judgment and post-judgment interest;

j.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.      Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Brown demand a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
      July 24, 2023

<u>s/ Douglas B. Lipsky</u>
Douglas B. Lipsky
LIPSKY LOWE LLP
420 Lexington Avenue, Suite 1830
New York, New York 10170
Doug@lipskylowe.com
212.392.4772
*Attorneys for Plaintiff Brown and all similarly situated persons*